UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11-cv-50-RJC

| | |
|---|---|
| TERRENCE WRIGHT EL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES U. DOWNS, Judge; WANDA )<br>BROOMS, Graham County Clerk; )<br>GRAHAM COUNTY; and STATE OF )<br>NORTH CAROLINA, )<br>)<br>Defendants. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Refund, (Doc. No. 6). Plaintiff states that he is "petition[ing] for the $10.00 (ten dollars) money order back filed in December in this said case." (Id. at 1). While Plaintiff provides no legal basis for a refund, the Court will assume that Plaintiff seeks a refund because the Court ultimately dismissed this action under the "three strikes" provision of the Prisoner Litigation Reform Act ("PLRA"). See 28 U.S.C. § 1915(g). Clearly,

> federal courts plainly and unmistakably have the power to refund a litigant's payment of ***an excessive or mistaken filing fee*** to a litigant, including, in particular, indigent prisoners.

Torres v. O'Quinn, 612 F.3d 237, 251-52 (4th Cir. 2010) (emphasis added). However, Plaintiff is not entitled to a refund of fees under the circumstances presented in this case, as no excessive or mistaken filing fee has been collected. The fact that the Complaint was ultimately determined to be frivolous and was dismissed under the three-strikes provision is without import.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Refund, (Doc. No. 6), is **DENIED**.

Signed: February 8, 2012

*[signature: Robert J. Conrad, Jr.]*

Robert J. Conrad, Jr.
Chief United States District Judge